## Case No. 7,032.

### In re INGALLS.

[5 Law Rep. 401.]

Circuit Court, D. Massachusetts. Oct. 15, 1842.

STORY, Circuit Justice. The first question is; how in this case shall the costs be apportioned? And to that I answer, they ought to be apportioned upon the joint and separate estates of the bankrupt and of his partners, according to their relative value pro rata; for the separate creditors of the bankrupt are benefited by the proceedings, to the extent of the dividends, which shall be payable to them out of the separate estate of the bankrupt, and the joint creditors to the extent of the benefit derived from the dividends, which shall be payable out of the joint effects. They ought, therefore, to contribute towards the costs, in proportion to the amount of the respective funds, that is, in the proportion, which $53.33, the amount of the separate estate of the bankrupt, bears to $742.67, the amount of the fund of the joint estate of the partners.

In respect to the second question, as the separate debts of the bankrupt exceed his separate estate, and the joint debts exceed the joint estate of the partners, there can be no surplus, which shall be auxiliary to either. Now, the general rule of law upon this subject, in all cases of bankruptcy, is, that the separate estate must first be applied to the payment of the separate debts of the bankrupt, and the joint estate must first be applied to the payment of the joint debts of the partners; and the surplus, if there be any, and that alone, can be applied to the benefit of the separate or joint creditors, beyond the fund, to which they have primarily a right to resort. This rule is expressly adopted and sanctioned by the fourteenth section of the bankrupt act of 1841, c. 9 [5 Stat. 440]. Applying the rule to the circumstances of the present case. it is plain, that the separate creditors of the bankrupt can have recourse only to a dividend out of his separate estate, and the joint creditors only out of the joint estate of the partners. I shall direct a certificate accordingly to the district court.

In the matter of William Ingalls, in bankruptcy. It is ordered by the court, that the following certificate be sent to the district court upon the questions adjourned by that court into this court, viz.: (1) Upon the first question, it is the opinion of this court, that the costs of the proceedings ought to be apportioned upon the separate fund of the bankrupt, and upon the joint fund of the partners, in proportion to the relative value thereof pro rata. (2) Upon the second question, it is the opinion of this court, that the separate creditors of the bankrupt are entitled solely to be paid out of the joint estate of the partnership, there being no surplus beyond the amount due to the creditors upon either fund or estate.